**ELLEN PALMQUIST, a single woman, v. IVAN H. JOHNSON and INGEBORG S. JOHNSON, husband and wife.**

21 So. (2nd) 353                                    January Term, 1945
February 20, 1945                                          Division A

*Aude C. Franks,* for appellant.

*Thomas B. Everhart,* for appellee.

ADAMS, J.:

A bill in equity was filed by appellant to remove a cloud on title to real estate.

The bill was dismissed because it showed on its face that appellant was claiming the property as the sole heir of her deceased mother and as sole devisee under her mother's will; that the will had never been probated; that no administrator had been appointed and no order had been entered dispensing with an administration of the mother's estate.

Did the will then show any right in appellant to bring the suit? Surely no right can be asserted under the will before probation. Murphy v. Murphy, 125 Fla. 855, 170 So. 856. See Sec. 733.02, F.S. '41, F.S.A.:

". . . Heirs or devisees of the decedent may themselves or jointly with the personal representative bring and maintain actions or suits for the possession or recovery of real property of the estate or for the purpose of quieting title thereto against anyone except the personal representative. In any suit to quiet title brought by an heir or devisee, the possession of the personal representative shall, for the purpose of such suit, be deemed the possession of the heir or devisee. In all actions or suits involving the title to real property, against an estate for the possession or recovery of real property, or for the purpose of quieting title thereto, the personal representative and the heirs or devisees of such property shall be made parties."

It seems clear that under this statute the heir may bring the suit. See also Redfern on Wills, Section 267.

The briefs are limited to this question and we do not pass upon the sufficiency of the bill in other respects.

The decree is reversed for further proceedings.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.